UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Patrick J. Collins III,<br>    *Plaintiff,*<br><br>    *v.*<br><br>Rose Ann Landau,<br>    *Defendant.* | Civil No. 3:10cv588 (JBA)<br><br><br>December 3, 2010 |

RULING ON MOTIONS

Plaintiff Patrick J. Collins, a resident of Greenwich, Connecticut, sued Defendant Rose Ann Landau, a resident of Englewood, Colorado, for breach of contract, arising out of Landau's contract to mediate a dissolution settlement for Plaintiff and his former wife then pending in the Connecticut Superior Court. Defendant removed to federal court, under 28 U.S.C. § 1441, *et seq.*, and Plaintiff now moves to remand, for costs and fees, and for an order that Defendant produce documents in the state–court file. In light of the Second Circuit's decision in *Moltner v. Starbucks Coffee Co.*, ---F.3d----, 2010 WL 4291299 (2d Cir. Nov. 2, 2010), Plaintiff's motions to remand on grounds of untimely removal and relatedly, for attorneys fees and costs, will be denied. Plaintiff's motion for remand for lack of subject–matter jurisdiction is denied because the domestic–relations abstention doctrine is inapplicable under *Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

I.      Background

Plaintiff filed his complaint in state court on April 29, 2009, claiming that Defendant, acting as a mediator in a Connecticut divorce case, breached the contract they entered into by (1) calculating the agreed–upon alimony on the basis of taxable income and not actual income; and (2) calculating the division of assets by counting Plaintiff's closely–held

business twice. Defendant was served in hand on April 18, 2009. The Complaint does not specify the dollar amount of the damages claimed, only that Defendant's "breach of contract caused the Plaintiff to enter in a separation agreement that has caused a loss of the vast majority of his income and assets," and he seeks "[d]amages within the jurisdiction of the court." Plaintiff filed a "Revised Complaint" on October 19, 2009, with only a jurisdictional statement of amount in demand of $15,000 and no specification of the dollar amounts of damages sought.

On February 19, 2010, Landau filed Requests for Admissions, including whether Collins sought more than $75,000 in damages, and Collins moved for an extension of time until April 16, 2010 to file responses, which was granted, *nunc pro tunc*, on April 20, 2010. However, when Collins filed no response by April 16, 2010, Landau filed a notice of removal on April 19, 2010, pursuant to 28 U.S.C. § 1441, *et seq.*

## II.    Discussion

Plaintiff moves to remand, claiming that (1) Defendant untimely filed her notice of removal, a year after service of the Complaint; and (2) because this matter involves a dissolution settlement and alimony, this Court lacks subject–matter jurisdiction.

### A.      Timeliness of Removal

The timing of Landau's removal is governed by Section 1446(b), which provides that

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[1]

Because Landau did not file her notice for removal within 30 days of her receipt of Collins' Complaint, Collins argues that her notice was untimely. Landau maintains that she could not ascertain removability from the face of the Complaint or the Revised Complaint, because neither stated an amount in controversy greater than $75,000. Instead, Landau says she first determined removability from Collins' failure to respond to her requests for admissions—one of which asked whether the amount in controversy was greater than $75,000—by the deadline of April 16, 2010, and she filed her notice of removal three days thereafter. Collins contends that Landau had sufficient knowledge of the amount in controversy when initially served, because the Complaint states that damages include "the vast majority of [Collins'] assets and income," and Landau knew by virtue of mediating the dissolution settlement that Collins had significant assets in excess of $75,000.

In *Whitaker v. American Telecasting Inc.*, 261 F.3d 196 (2d Cir. 2001), the Second Circuit considered whether one of the defendants' notice of removal was untimely filed

---

[1] Section 1332(a) in turn provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The parties agree that diversity of citizenship in this case satisfies Section 1332(a).

nearly ten weeks after receiving a "summons with notice"[2] that did not provide the address

of another defendant, such that diversity of citizenship could be determined.  The removing

defendant said it could not ascertain removability from the summons with notice; however,

when the complaint was filed six weeks later providing citizenship of all defendants, it could

ascertain removability.  The Second Circuit held that the summons with notice with

incomplete addresses did not trigger the thirty–day removal window, and the notice of

removal was timely, explaining that

> [a] case is removable when the initial pleading enables the defendant to
> intelligently ascertain removability from the face of such pleading, so that in
> its petition for removal, the defendant can make a short and plain statement
> of the grounds for removal as required by 28 U.S.C. § 1446(a).  A pleading
> enables a defendant to intelligently ascertain removability when it provides
> the necessary facts to support the removal petition.  In cases where removal
> is based upon diversity, the facts required to support the removal petition
> include the amount in controversy and the address of each party.  While this
> standard requires a defendant to apply a reasonable amount of intelligence
> in ascertaining removability, it does not require a defendant to look beyond
> the initial pleading for facts giving rise to removability.

*Id.* at 205–06 (internal citations omitted).

Collins argues that given Landau's familiarity with his assets, she was able to

"intelligently" ascertain that the amount in controversy exceeded $75,000 from the face of

the Complaint, even though it did not explicitly spell out any dollar amount.  However, this

argument has been foreclosed by the Second Circuit in *Moltner v. Starbucks Coffee Co.*, ---

F.3d----, 2010 WL 4291299 (2d Cir. Nov. 2, 2010), which rejected the notion that the

---

[2] In New York, a "summons with notice" is a summons that includes a description
of the nature of the action and the relief requested and provides notice that default in a
specified amount will be taken if the defendant fails to appear.  N.Y. C.P.L.R. 305(b).

thirty–day "removal clock" runs from the date when a defendant is served with a pleading from which she can deduce that the amount in controversy exceeds $75,000 even though it does not explicitly state a dollar amount. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Id.* at * 3. The Second Circuit favored this "bright line" approach because "[r]equiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation." *Id.* at *3–4. Because neither Collins' Complaint nor Revised Complaint in the Connecticut Superior Court "explicitly specifie[d] the amount of monetary damages sought," neither triggered the thirty–day period in which Landau was required to file her notice of removal.

Collins contends in the alternative that if the Complaint failed to trigger the thirty–day removal window, removal was improper because there was no "other paper" that made clear that the amount in controversy exceeded $75,000. Although it is undisputed that discovery responses may constitute such "other paper," a term which is read broadly, *see Trustees of Masonic Hall v. Price Waterhouse Coopers*, Nos. 08 Civ 10495(GEL), 08 Civ. 10494(GEL), 2009 WL 290543, * 8 (S.D.N.Y. Feb. 6, 2009) (citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (the "other paper" requirement is "broad enough to include any information received by the defendant")), Collins argues he never produced a discovery response from which the amount in controversy could be ascertained. However, Collins' failure to respond to Plaintiff's request for an admission as to whether "Patrick Collins is claiming damages in excess of $75,000.00 in the case against Rose Anne–Landau," due April

5

16, 2010[3] (Requests for Admissions, Ex. D to Def.'s Mem. Opp'n [Doc. # 11]), constituted

an admission that the amount in controversy exceeded $75,000.[4] *See* Conn. Practice Book

§ 13-23(a) ("Each matter of which an admission is requested is admitted unless," by the

response deadline for admissions, "the party to whom the request is directed files and serves

upon the party requesting the admission a written answer or objection addressed to the

matter, signed by the party or by his attorney."); *Filipek v. Burns*, 76 Conn. App. 165, 168

(2003) ("[B]ecause the plaintiff did not respond or object to the requests for admissions, her

silence should be deemed an admission of their truth and the statements admitted should

be deemed conclusively proven."). Landau could therefore ascertain removability as of April

16, 2010 from the request for admission deemed admitted, and she timely removed three

days thereafter.

### B.      Domestic relations

Finally, Collins argues that the Court lacks subject–matter jurisdiction under the

domestic–relations exception, because this case involves matters of family law. The domestic

relations exclusion has been narrowed to "encompass[] only cases involving the issuance of

---

[3] Landau filed her requests for admissions on February 19, 2010, making Collins' responses due on March 22, 2010. On March 18, 2010, Collins moved for an extension of time to file his responses by April 16, 2010, granted *nunc pro tunc* on April 20, 2010. Collins suggests that because his motion for extension of time was not ruled on by April 16, he "still had the opportunity" as of the date of removal, April 19, 2010, "to request further extensions of time to respond" (Mem. Supp. Mot. Remand [Doc. # 8] at 11), and therefore, his failure to provide answers to Landau's requests for admissions did not result in admissions. This is nonsensical since the operative date for his responses remained March 22, 2010, absent extension. Further, Collins never sought to extend his response deadline beyond April 16, 2010 and failed to respond by that date.

[4] In fact, Plaintiff asserts that his "claim in this case substantially exceeds $1,000,000." (Mem. Supp. Mot. Remand at 7 n.1.)

a divorce, alimony, or child custody decree," and federal jurisdiction could be exercised "over the enforcement of an alimony decree that had been properly obtained in a state court of competent jurisdiction." *Ankenbrandt v. Richards*, 504 U.S. 689, 702–04 (1992); *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) ("[O]nly 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds.")

Here, although Plaintiff's breach–of–contract action arises in the context of a state domestic–relations action, it does not directly involve issuance of a divorce, alimony, or child custody decree. Plaintiff does not seek alteration of his dissolution agreement in this action;[5] rather, he seeks damages against Defendant for what he claims to be her failure to negotiate the dissolution agreement in accordance with the terms of their contract. Just as "federal courts are equally equipped to deal with complaints alleging the commission of torts" arising out of family disputes, *Ankenbrandt*, 504 U.S. at 704, so too are federal courts equally equipped to deal with breach–of–contract claims brought against non–family members, even if reference to family law and procedures may be implicated.

III.    Conclusion

Accordingly, Plaintiff's [Doc. #8] Motion to Remand is DENIED. Given the Court's determination that Plaintiff's claims fall within the Court's jurisdiction notwithstanding the pendency of post–judgment dissolution proceedings in state court, it is unnecessary that this Court be apprised of the issues previously raised and decided by the Superior Court, and Plaintiff's [Doc. # 10] Motion for Order to Produce State Court File is DENIED, and

---

[5] Plaintiff notes that the divorce case is in post–judgment proceedings, including a motion to modify the dissolution settlement. However, those proceedings have no bearing on Plaintiff's claim that Defendant breached her contractual obligations.

Plaintiff's [Doc. # 9] Motion for Costs and Fees under 28 U.S.C. § 1447(c) is DENIED as removal was proper.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of December, 2010.